IN THE UNITED STATES DISTRICT COURT

LAGUERRE LENSENDRO

claimant

v

BERKSHIRE Bank

Respondent

## LAWSUIT

### I.    Introduction

1. I LAGUERRE LENSENDRO, claimant in this matter bring suit against Respondent. Berkshire Bank under both the federal reserve act and the Consumer credit protection act; seeking redress for respondent's unlawful actions.

### II.    Parties

2. I am a natural person and an applicant, currently taking abode in Norwalk, Connecticut, 26 Broad Street, Apartment 4, 06851.

3. Berkshire is a bank with its principal office in Boston, Massachusetts, at 60 State Street, 38th Floor, 02109 and is in fact a creditor.

### III.    Jurisdiction & Venue

4. This court has inherent jurisdiction over this matter, as it deals with federal statutes, the Federal Reserve Act, and the Equal Credit Opportunity Act.

1

5. The venue is proper within this district, for the Equal Credit Opportunity Act allows for action to enforce liability to be enforced in the United States District Court. Furthermore, the actions giving rise to this suit occurred in Massachusetts.

### IV.    Statement of Facts

6. On the 17th of January 2025, I tendered a bill of exchange to serve as security collateral so that I could receive an advance in the amount of 1 million dollars; accompanied by an application. [ Please see exhibits 1 & 2 ]

7. After completing the application, I received a confirmation number 689487.

8. Following this, On the 21st of January I was contacted by Rachel Foster, a senior credit underwriter, who threatened to cancel my application.

9. Rachel, was not willing to extend so much credit without guarantees and needed collateral to extend such a substantial amount of credit.

10. I agreed with Rachel and informed her that I had already delivered the collateral to her headquarters. I also provided her with the tracking number so she could locate it. [Please see exhibit 5 & 6]

11. Following this, Rachel stopped responding.

12. I then followed up with Rachel, reiterating the fact that the collateral had been tendered and that she should check with her headquarters. I asked her if she had contacted her headquarters regarding the collateral and whether there was anything else she needed from me to move forward with the process. [please see exhibit 3 pgs. 1-9 for lines 9-12]

13. No response came from Rachel.

14. Following this, I received a letter from Berkshire Bank stating that the reason for adverse action was "credit application incomplete." [Please See exhibit 4]

15. Berkshire did not specify what exactly was incomplete, nor did they give me time to provide the missing information, or inform me of the consequences if I don't provide the information.

## V.   Count 1: violation of 12 CFR 1002.9 (c) (2).

16. Pursuant to 12 CFR 1002.9 (c) (2), if a creditor deems an application incomplete, the creditor must send a written notice to the applicant specifying what information is missing.

17. The creditor must also provide a reasonable period of time for the applicant to supply the missing information.

18. Additionally, the creditor must inform the applicant that failure to provide the requested information will result in the application not being considered further.

19. Berkshire violated this requirement by failing to provide any written notice specifying what was allegedly missing from my application.

20. Instead, Berkshire immediately took adverse action by denying my application, falsely citing "credit application incomplete" without giving me the opportunity to correct any alleged deficiency.

21. By failing to follow the mandatory notice requirements before taking adverse action, Berkshire Bank violated 12 CFR 1002.9(c)(2).

## VI.    Count 2: Violation of 1691(a)

22. Under 1691(a) "it is unlawful for any creditor to discriminate against any applicant, with respect to a credit transaction.

23. Berkshire discriminated against me by refusing to apply my tender to the account and process my application accordingly.

24. Rachel Foster requested collateral as a condition of extending credit, asking me: "What would you be looking to use as collateral?"

25. I informed Rachel that I had already delivered the collateral security equal to the amount requested, in compliance with 59 Stat. 237 Sec. 2 & Federal Reserve Operating Circular 10, Appendix 3, which recognizes my submitted Bill of Exchange as a valid financial instrument.

26. I further provided Rachel with the tracking number and confirmation of delivery to prove that the collateral was received at Berkshire's headquarters.

27. Despite retaining my collateral, Berkshire issued an adverse action letter denying my application, falsely citing "credit application incomplete" as the reason for the denial.

28. However, a confirmation number (689487) was issued for my application, proving that the application was in fact complete.

29. By retaining my collateral and falsely claiming my application was incomplete, Berkshire engaged in discrimination by unlawfully obstructing access to credit, in violation of 15 U.S.C. § 1691(a).

## VII.  Count 2: Violation of 12 CFR § 1026.10(a) (Failure to Credit Payment on Receipt)

30. Under 12 CFR § 1026.10(a), a creditor must credit a payment to a consumer's account as of the date of receipt, unless a delay in crediting does not result in a finance charge or other charge.

31. I tendered a Bill of Exchange in the amount of $1,000,000 y for the credit advance I requested from Berkshire Bank.

32. Under 12 U.S.C. § 411 and § 412, financial institutions may issue federal reserve notes when collateral of equal or greater value is tendered, and the Bill of Exchange was provided in accordance with those legal requirements.

33. Because this Bill of Exchange was necessary to secure the credit advance, it constitutes a finance charge under 15 U.S.C. § 1605, as it was an indirectly imposed as an incident to the extension of credit.

34. Since the finance charge was incurred upon tendering the Bill of Exchange, Berkshire Bank was legally obligated under 12 CFR § 1026.10(a) to credit the payment as of the date of receipt.

35. Berkshire Bank failed to credit my payment upon receipt, thereby violating its statutory obligation under 12 CFR § 1026.10(a).

## VIII.  Unjust Enrichment

36. Berkshire Bank has been unjustly enriched at my expense by accepting and retaining the Bill of Exchange valued at $1,000,000 without applying it to my account or returning its equivalent value.

37. I tendered the Bill of Exchange as collateral security for the requested credit advance in accordance with 12 U.S.C. § 411 and § 412, which recognize such instruments as valid obligations that secure an advance.

38. Instead of applying the Bill of Exchange as collateral for the requested credit advance or returning it, Berkshire Bank retained possession of the instrument while simultaneously denying my application for credit.

39. Berkshire Bank received value without providing any consideration in return, resulting in an unjust financial gain at my expense.

## IX.    Damages

40. As a direct and proximate result of Berkshire Bank's unlawful actions, I have suffered financial harm and loss of access to credit, hindering my ability to acquire property.

41. Pursuant to 15 U.S.C. § 1691e(b), I am entitled to punitive damages of up to $10,000 per violation for Berkshire Bank's breaches of the Equal Credit Opportunity Act (ECOA), including: Unlawful discrimination (15 U.S.C. § 1691(a)) & Failure to follow procedures for incomplete applications (12 CFR § 1002.9(c)(2)).

42. Under the Truth in Lending Act (TILA), I seek statutory damages of $5,000 for Berkshire Bank's failure to promptly credit payments, in violation of 12 CFR § 1026.10(a)

43. Additionally, I seek actual damages in the amount of $1,000,000 for the loss of financial opportunity, harm to my financial standing, and wrongful retention of my Bill of

Exchange as collateral, preventing me from obtaining credit or securing other financial transactions.

44.

## X.   Prayer for Relief

45. WHEREFORE, I respectfully request that this Court grant the following relief:

46. A declaration that Berkshire Bank's actions, including its failure to recognize my Bill of Exchange as collateral, its discriminatory denial of credit, and its failure to follow legally required procedures, constitute violations of 15 U.S.C. § 1691(a), 12 CFR § 1002.9(c)(2), and 12 CFR § 1026.10(a).

47. An injunction compelling Berkshire Bank to: Recognize and process the Bill of Exchange as valid collateral security pursuant to 12 U.S.C. §§ 411 and 412. Reverse the adverse action taken.

48. award $10,000 per violation of ECOA to 15 U.S.C. § 1691e(b); award $5,000 for violations of TILA (12 CFR § 1026.10(a)); award $1,000,000 for financial harm, loss of credit access.

49. Requiring Berkshire Bank to provide its equivalent financial value, as Berkshire Bank has been unjustly enriched at my expense.

By Laguerre Lensendro

26 Broad st apt 4

Norwalk CT

06851

llensendro@gmail.com

203-433-2141

03/03/2025

IN THE UNITED STATES DISTRICT COURT

LAGUERRE LENSENDRO

claimant

v

BERKSHIRE Bank

Respondent

## EXHIBIT INDEX

**Introduction:**

This Exhibit Index is provided to assist the Court in efficiently locating and reviewing the relevant documents submitted in support of this case. Each exhibit is labeled numerically and described below for easy reference.

**Exhibit 1:** Cover Letter Attached to the Security Collateral, Tendered on January 17, 2025.

**Exhibit 2:** Copy of the Security Collateral (Bill of Exchange), Tendered on January 17, 2025.

**Exhibit 3:** Correspondence between Klayman and Rachel Foster before adverse action was taken, Pages 1 through 9.

**Exhibit 4:** Adverse Action Letter Received by Klayman.

**Exhibit 5:** Screenshot of Certified Mail Tracking Number in Delivery Shared with Rachel.

**Exhibit 6:** Proof of Service (Form 3811).

By Laguerre Lensendro

26 Broad st apt 4

Norwalk CT

06851

llensendro@gmail.com

203-433-2141

03/03/2025